UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ANMOL KHALID,

Petitioner,

v.

CHRISTOPHER LAROSE, Warden Otay Mesa Detention Center, et al.,

Respondents.

Case No.:  26-CV-1462 JLS (MSB)

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 1)

Presently before the Court is Anmol Khalid's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1).  Also before the Court is Respondents' Return to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 3).  For the reasons set forth below, the Court **GRANTS IN PART** the Amended Petition for a Writ of Habeas Corpus.

## BACKGROUND

Petitioner, a citizen of Pakistan, alleges that she has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since September 16, 2025, when she entered the United States.  Pet. at 5.  Petitioner and her husband fled Pakistan due to persecution based on their Christian beliefs.  *Id.* at 6.  Petitioner currently has applications for asylum, withholding of removal, and protection under the Convention

Against Torture pending. *Id.* at 2. Petitioner suffers from multiple medical conditions, including asthma, major depressive disorder, anxiety, a history of head injuries, and breathing difficulties. *Id.* at 5–6. Petitioner received one bond hearing in custody resulting in the Immigration Judge finding a lack of jurisdiction. *Id.* at 2. Respondents do not oppose a bond hearing for Petitioner in this matter. Ret. at 1.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention— federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025). However, "[n]early all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases). In determining whether detention has become unreasonable, courts

evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal. *See, e.g.*, *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *3 (S.D. Cal. Nov. 12, 2025).

The Court finds that Petitioner has established she is entitled to a bond hearing, and Respondents do not oppose this relief. Ret. at 1. Petitioner's length of detention, nearly seven months, without a bond hearing weighs in Petitioner's favor. Courts have found detention of similar lengths without a bond hearing weighs towards a finding that detention has become unreasonable. *See, e.g.*, *Guatam v. Corr. Corp of Am.*, No. 3:25-CV-3600-JES-DEB, 2026 WL 25846, at *4 (S.D. Cal. Jan. 5, 2026) (finding that one-year detention weighed in favor of granting a bond hearing); *Sadeqi*, 2025 WL 3154520, at *4 (finding that eleven month detention without a bond hearing "absent meaningful rebuttal by [r]espondents" was unreasonable and violated due process); *Amado*, 2025 WL 3079052, at *5 ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable."). The length of detention therefore favors Petitioner.

As to the likely duration of future detention, Petitioner argues that she has reason to anticipate significant future detention since her merits-hearing is not for another two months, at which point her asylum petition will be decided, subject to an appeal process that could go on for another undetermined amount of time. Pet. at 8–9. The Court agrees, since Respondents "cannot predict with any degree of confidence when the BIA appeal will be resolved." *Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020). Therefore, the likely duration of future detention weighs in Petitioner's favor.

Delay in removal proceedings is neutral since the record does not suggest delay by Respondents nor Petitioner. *See* generally Pet.; Ret. Balancing the discussed factors, the

26-CV-1462 JLS (MSB)

Court concludes that Petitioner's detention has become unreasonably prolonged, and therefore, Petitioner is entitled to a bond hearing.

## I.    Attorney's Fees

Petitioner has requested costs and attorney's fees in this action pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Pet. at 21. The EAJA provides in part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

The Court will consider an application requesting reasonable fees and costs under the EAJA that is filed within thirty days of the judgment.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing within <u>fourteen (14) days</u> before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released. If no hearing occurs within fourteen days of this Order, Petitioner shall be released from Respondents' custody.

The Parties **SHALL** file a Joint Status Report by <u>April 10, 2026</u>, informing the Court of the outcome of the hearing.

4

26-CV-1462 JLS (MSB)

Lastly, Petitioner's attorney is directed to submit an attorney fee application and corresponding billing records within <u>thirty (30) days</u> of this Order, and Respondents are instructed to file any opposition within <u>fourteen (14) days</u> of Petitioner's attorney fee application.

**IT IS SO ORDERED.**

Dated:  March 19, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-1462 JLS (MSB)